UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: Case No. 03-23711

MICHELLE GIRARD, Chapter 7

Debtor. Hon. Walter Shapero
_____/
RANDALL L. FRANK, Chapter 7
Trustee,

Plaintiff,

vs. Adv. Proc. No. 04-2053

CITIZENS BANK and CHAD NICKLYN,

Defendants.
_____/

OPINION GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

Facts

The Trustee has commenced this adversary proceeding pursuant to Sections 547 and 549. The basic undisputed facts are the following.

Debtor Michelle Gerard, along with non-debtor Defendant Chad Nicklyn, together own property located at 125 N. Michigan Ave., Omer, Michigan ("Property"). They are not married to each other. Prior to the bankruptcy filing, on or about June 19, 2003, Debtor and Chad Nicklyn granted a mortgage on the Property to Defendant Citizens Bank. While Debtor signed the mortgage, she did not sign the mortgage note–only Defendant Chad Nicklyn signed a contemporaneous note. The parties do not dispute that the mortgage proceeds were used to pay a prior mortgage on the Property, as well as pay other debts

1

owing to various other creditors. It is not clear whether and which of the debts thus paid off were exclusively Chad Nicklyn's, Debtor's, or joint debts. A check was also issued to Chad Nicklyn from the net loan proceeds in the amount of $5,310.03. The mortgage was not recorded until July 25, 2003. Debtor filed this Chapter 7 bankruptcy case on October 1, 2003.

## Parties' Positions

The Trustee movant argues that there are no issues of fact to be determined as to the elements of a preference pursuant to Section 547(b); and thus, summary judgment should be granted in his favor pursuant to Fed. R. Bankr. P. 7056. As to the requirement that the transfer have occurred within the ninety day period prior to the bankruptcy filing, the Trustee argues that the date of transfer is the date of recording, July 25, 2003, because the note on the mortgage was executed more than 10 days prior, on June 19, 2003.

Defendant Citizens Bank (Defendant Nicklyn defaulted) in its response and brief concedes all of the elements of Section 547(b), except one, arguing that the transfer at issue is <u>not</u> "for or on account of an antecedent debt owed by the debtor before such transfer was made"; rather, that it is solely the debt of the non-debtor, Defendant Chad Nicklyn, because he only, and not Debtor, signed the note.

## Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

2

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

<u>Analysis</u>

I.      Section 547(b)

Section 547(b) states that, with limited exceptions (not applicable here): the trustee may avoid any transfer of an interest of the debtor in property–

> (1) to or for the benefit of a creditor;
> (2) <u>for or on account of an antecedent debt owed by the debtor before such transfer was made</u>;
> (3) made while the debtor was insolvent;
> (4) made–
>> (A) on or within 90 days before the date of the filing of the petition; or
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if–
>> (A) the case were a case under chapter 7 of this title;
>> (B) the transfer had not been made; and
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

3

11 U.S.C. § 547(b) (emphasis added).

The Trustee bears the burden of proof as to each element of Section 547(b). 11 U.S.C. § 547(g). And, as the moving party in this summary judgment motion, the Trustee bears the burden of establishing no genuine issues of material fact as to the essential elements of the non-moving party's case.

II.     Antecedent Debt Owed by the Debtor

As noted, the only element at issue here is whether the debt owed was "for or on account of an antecedent debt owed by the debtor" under the above-cited statute, notwithstanding the Debtor did not sign the note accompanying the mortgage.[1]

The term "antecedent debt" is not defined under the Bankruptcy Code. Thus, the Court will look to the plain meaning of these two words for the answer. The term "debt", however, is defined under Section 101(12) as a "liability on a claim." Black's Law Dictionary (8th ed. 2004), defines "antecedent" as: "Earlier; preexisting; previous." Additionally, Black's Law Dictionary defines the term "antecedent debt" in the bankruptcy context as: "A debtor's prepetition obligation that existed before a debtor's transfer of an interest in property." *Id*; *see also* 48 Am. Jur. 3d *Proof of Facts* 159, § 6 (cumm. suppl. 2005) (defining "antecedent debt" as "liability on a claim which existed before the date of

---

[1]Citizens Bank points out that some or all of the debts paid off by the subject mortgage loan were in fact exclusively Chad Nicklyn's. The Court notes that such is not relevant and has no bearing on whether the debt satisfies Section 547(b)(2). The transfer at issue and what the Trustee seeks to avoid as a preference is the mortgage given to Citizens Bank, not the debts paid off with the proceeds from the Citizens Bank mortgage loan proceeds.

4

the transfer"). Thus, the following three questions must be answered to resolve the issue in the instant case: (1) What does "liability on a claim" mean?; (2) Is the mortgage obligation of the Debtor a liability on a claim?; and, if so, (3) Did the liability on the claim exist before the date of the transfer?

As to the first question, Section 102, entitled "Rules of Construction," subsection (2), states: "'claim against the debtor' includes claim against property of the debtor." The United States Supreme Court case of *Johnson v. Home State Bank*, 501 U.S. 78, 111 S. Ct. 2150 (1991), also offers guidance on this issue, although decided in the different context as to what constitutes a "claim" properly included in a debtor's Chapter 13 plan under Section 1322(b). The *Johnson* Court, in applying what it concluded Congress intended as the "broadest available definition of 'claim'", determined that even though a debtor's personal obligations under a mortgage note had been extinguished by a Chapter 7 discharge, the mortgage interest that survived the discharge was still a "claim" under Section 101(5), and thus properly included in a debtor's Chapter 13 plan. *Johnson*, 501 U.S. at 83-84. Specifically, the *Johnson* Court stated:

> Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Either way, there can be no doubt that the surviving mortgage interest corresponds to an "enforceable obligation of the debtor.

*Id*. at 84.

This Court sees no reason why this same reasoning should not be applied to the

5

instant facts. Thus, although the Debtor may have incurred no personal liability to Citizens Bank under the mortgage (in the sense Debtor might be independently sued under the note itself), the granting of the mortgage amounted to a "claim" against the property of the Debtor and is, thus, a claim against the Debtor. Debtor's liability on the claim is thus a "debt." "Antecedent" is merely a chronological adjective relating to and describing debt. It is undisputed that the incurrence of the debt on June 19, 2003, preceded the transfer of it on July 25, 2003.[2] The foregoing mandates a conclusion that the debt is both antecedent and one owed by Debtor for purposes of the sole disputed element of an avoidable preference under Section 547(b).

### Conclusion

For the foregoing reasons, the Court concludes that the Trustee has met his burden in this Section 547(b) action, and grants the Trustee's Motion for Summary Judgment.

An Order consistent with this Opinion will enter.

**Entered: February 03, 2006**

```
                                /s/ Walter Shapero
                            Walter Shapero
                            United States Bankruptcy Judge
```

---

[2] Section 547(e)(2) provides that the date of perfection, here by recording, is deemed the date of transfer for preference determination purposes if the perfection occurs more than 10 days after "the transfer takes effect between the transferor and the transferee." Here, perfection of the mortgage occurred thirty-six (36) days after it took effect between Debtor and Citizens Bank.